IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

LARRY IRWIN FOSTER, JR.                                                                          PLAINTIFF
ADC #158728

V.                                       NO: 4:15CV00002 BRW/JWC

TIFFANY EICHLER                                                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

> Mail your objections to:
> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Larry Irwin Foster, Jr., filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on January 2, 2015, alleging that he was denied adequate medical care at the Saline County Detention Facility.  On January 28, 2015, Defendant Tiffany Eichler filed a motion to dismiss, along with a brief in support (docket entries #10 & #11).[1]  Plaintiff filed a response on February 5, 2015 (docket

---

[1] Although Southern Health Partners is listed as a Defendant on the docket sheet, the motion was filed only by Eichler.  It appears from Plaintiff's complaint that he intended to pursue claims

entry #13).

## I. Standard of review

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

Defendant asserts that Plaintiff's complaint should be dismissed because he failed to exhaust

---

against only Eichler (docket entry #2, page #1). Even if Plaintiff intended Southern Health Partners to be a Defendant, those claims should be dismissed because Plaintiff failed to identify any unconstitutional corporate policy or practice. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993); *citing Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978)(corporation acting under color of state law cannot be held liable on a *respondeat superior* theory, but will be held liable only for its own unconstitutional policies or customs).

his administrative remedies before he filed this lawsuit, and that his claims against her in her official capacity should be dismissed because he failed to identify a constitutionally deficient corporate policy or custom. Because Plaintiff failed to exhaust his administrative remedies before he filed this lawsuit, Defendant's motion should be granted.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

As Defendant notes, in his complaint, Plaintiff concedes that he has not exhausted his administrative remedies, and that his grievances(s) pertaining to the issues in this lawsuit are "in process" (docket entry #2, page #4). Plaintiff's response to Defendant's motion provides no reason to doubt the validity of the assertion made in his complaint, or to cause the Court to believe his lack of exhaustion should be excused. Accordingly, Plaintiff's complaint should be dismissed due to his failure to exhaust his administrative remedies before he filed this lawsuit. In light of this recommendation, Plaintiff's motion for settlement (docket entry #14) should be denied as moot.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion to dismiss (docket entry #10) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.	Plaintiff's motion for settlement (docket entry #14) be DENIED AS MOOT.

3.	The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 26th day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE